|   |   |
|---|---|
| 1 | Richard R. Barker |
| 2 | Acting United States Attorney |
|   | Eastern District of Washington |
| 3 | Jeremy J. Kelley |
| 4 | Assistant United States Attorney |
|   | Post Office Box 1494 |
| 5 | Spokane, WA 99210-1494 |
| 6 | Telephone: (509) 353-2767 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 4:24-cr-06032-SAB |
|---|---|
| Plaintiff, | |
| v. | MOTION FOR REVOCATION OF PRE-TRIAL RELEASE AND DETENTION |
| FRANCIER OBANDO PINILLO, | With Oral Argument |
| Defendant. | June 24, 2025 @ 10:00 a.m. |

The United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Jeremy J. Kelley, Assistant United States Attorney, respectfully submits this Motion for Revocation of Pre-Trial Release and Detention.

Defendant was indicted by the Grand Jury on November 7, 2024, for a scheme to defraud victims through a purported cryptocurrency investment business venture known as "Solano Fi." ECF No. 1. Defendant was arrested in Miami, Florida, on December 5, 2024. ECF No. 7. During his initial appearance in the Southern District of Florida, Defendant was released on a $10,000 cash bail and conditions of release, including the condition that Defendant avoid all contact with victims or witnesses to the crimes charged, except thought counsel. ECF No. 11.

Defendant made his initial appearance in the Eastern District of Washington on January 9, 2025. ECF No. 22. This Court ordered that Defendant remain released

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 1

1  on all previously imposed conditions and added two additional conditions, including
2  that "Defendant shall not solicit funds for investment by any means, including
3  through the internet." ECF No. 22. Following that hearing, on January 9, 2025, the
4  United States provided a thirty-three (33) page list of victims the United States was
5  then aware of in the case, most of whom were only identifiable from the username
6  and email addresses associated with their Solano Fi accounts. Ex. 1 and 2 (filed
7  under seal).
8        On March 25, 2025, a Petition for Action on Conditions of Pretrial Release
9  was fled with the Court alleging that Defendant had contacted a victim in the case
10 and told him "a little birdie" had said the victim had made a claim against Defendant.
11 ECF No. 42. The Court issued a warrant for Defendant's arrest. ECF No. 43. While
12 that warrant was pending, a second Petition was filed with the Court on April 9,
13 2025, alleging that Defendant was fraudulently soliciting funds for a fake orphanage
14 through Facebook.
15       Defendant was arrested on the warrant on April 11, 2025. ECF No. 45. A
16 detention and removal hearing was held on April 15, 2025, at which time Defendant
17 waived removal and requested a detention hearing be held in this district. ECF No.
18 46 at 9. During the interim, on June 17, 2025, a third petition has been filed alleging
19 further contact with another victim. ECF No. 50. An initial appearance on the
20 pretrial release petitions is set for June 24, 2025. As set forth herein, the United
21 States respectfully moves this Court for the revocation of Defendant's pre-trial
22 release pursuant to 18 U.S.C. § 3148.

23 **A.**    **18 U.S.C. § 3148**

24     1.   Eligibility of Case

25       This case is eligible for revocation of release because Defendant was
26 previously released under 18 U.S.C. § 3142 and there is (check one or both):

27     ☒   Probable cause to believe that Defendant has committed a Federal,
28         State, or local crime while on release; and/or

☒ Clear and convincing evidence that Defendant has violated any other condition of release.

Further (check one or both):

☒ There is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community; and/or

☒ Defendant is unlikely to abide by any condition or combination of conditions of release.

2. Rebuttable Presumption.

The United States

☒ will

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3148(b) because while on release Defendant committed a Federal, State, or local felony, *to wit* Wire Fraud, in violation of 18 U.S.C. § 1343, and/or Witness Tampering, in violation of 18 U.S.C. § 1512(b).

3. Time for Detention Hearing

The United States requests that the Court conduct the detention hearing:

☒ After a continuance of three days.

B. **18 U.S.C. § 3142(f)**

1. Eligibility of Case

Should the court determine that 18 U.S.C. § 3148 does not apply here as there is an insufficient showing of a violation of a pretrial release condition or that a new crime has been committed, the United States nevertheless requests that the matter of detention be reopened pursuant to 18 U.S.C. § 3142(f) because Defendant's contact with victims in this matter and his fraudulent requests for funds on Facebook since his initial detention hearing in December 2024 constitute information not known at the time of those hearings and which has a material bearing on the matter of

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 3

detention. This case is eligible for a detention order because the case involves:

☒ Serious risk Defendant will flee (as specified below); and

☒ Serious risk obstruction of justice (as specified below).

Defendant has spoken with victims intimidating and/or lulling them into silence and non-cooperation with authorities, creating a serious risk of obstruction of justice by witness tampering. Millions of dollars in fraud proceeds remain unaccounted for, Defendant is a citizen of Columbia, and Defendant faces significant period of incarceration if convicted, creating a serious risk of flight. This concern is only further heightened since Defendant is now aware of the investigation of his fraudulent requests for funds for a fake orphanage and also faces obstruction enhancements in sentencing.

    2.    <u>Reason for Detention</u>

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure:

☒ Defendant's appearance as required; and

☒ Safety of any other person and the community.

    3.    <u>Rebuttable Presumption</u>.

The United States will not invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

    4.    <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☒ After a continuance of three days.

**C.**     **Factual Background**

This case involves dozens, if not hundreds, and possible more than a thousand victims. Defendant solicited "investments" for parishioners as well as other individuals, including other pastors. Given the anonymous nature of cryptocurrency, the United States has not been able to identify all the potential victims solely from

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 4

the transaction records on the blockchain. Rather, identifying victims has been a process of obtaining additional names from currently-identified victims, then contacting and interviewing additional victims. This is a time-consuming process that has taken, and will take, time to progress. In that process, however, the FBI has spoken with two victims who have been contacted by Defendant since his initial appearance in this matter and release from custody on conditions.

The FBI identified O.H. as a possible victim of the scheme and interviewed him in February 2025. Ex. 3 (filed under seal). O.H. was not on the victim list the United States sent to the Defense on January 9, 2025, because he had not been identified as a victim at that point. O.H. had invested $1,144,000 in Solano Fi upon Defendant's false and fraudulent representations of a guaranteed 40% monthly return. The FBI report containing O.H.'s statement to the FBI was produced to Defendant in discovery on February 26, 2025.

A few weeks later, on March 22, 2025, Defendant contacted O.H. via telephone. Ex. 4 (filed under seal). Defendant told O.H. he was concerned because "a little bird" had told Defendant that O.H. had made a claim against Defendant. O.H. told Defendant the FBI had interviewed him and O.H. had told them what he knew. Defendant told O.H. that he wanted to hear it directly from O.H. and didn't want to believe it. Defendant told O.H. that many people were getting calls from the FBI, but not many were "jumping on the boat" that O.H. was on. O.H. asked Defendant is there was any good news about O.H.'s money, at which point Defendant became cold and unfriendly and hung up the phone. Following the call, O.H. was concerned that Defendant knew he had talked to the FBI and would have to look over his shoulder now.

On June 11, 2025, the FBI spoke with another newly identified victim, N.H. Ex. 5 (filed under seal). N.H. stated that she had invested about $16,000 in Solano Fi based upon Defendant's guarantee of a 34.9% monthly return. N.H.'s Solano Fi username and email were on the list of identified victims the United States provided

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 5

1 | to the defense on January 9, 2025. Ex. 1 at 5 (n****h*****05@gmail.com).

2 | On February 12, 2025, Defendant called N.H. from a WhatsApp phone number, which Defendant said that he had "borrowed" to call N.H. because Defendant thought the FBI was monitoring his phone lines and he did not want to be observed making the call. Defendant told N.H. that he was not permitted to speak because he had a "gag order."

Defendant then went on to tell N.H. that he was trying to raise $200,000 for Solano Fi to hire a lawyer and that this would benefit the Solano Fi community. Defendant tried to assure N.H. that he had not stolen any investor money, that it never went to Columbia, that the funds were actually invested with FTX, and that the lawyer would help get the money out of FTX.[1] Defendant said two other Solano Fi leaders were responsible and not returning his calls.

Subsequently, on March 11, 2025, Defendant also sent N.H. a message on WhatsApp. That messages said he couldn't give many details yet, but that he was accused of misappropriating $7 million. Defendant then went on to state that there was no evidence found to support this claim.

While interviewing additional witnesses in this case, the FBI also became aware that Defendant was soliciting funds on Facebook. Ex. 6 (filed under seal). A review of social media postings on March 28, 2025, showed that Defendant was utilizing at least four Facebook accounts: full name Tiempos De Poder Church Pasco WA, user ID SolanofiOficial2.0, user ID ApostolFrancierObandoOficial, and user ID ministrerio.tiemposdepoder. Each Facebook account contained images of Defendant and they cross-post and link postings to the other accounts.

On March 14, 2025, the account ministerio.tiemposdepoder posted a reel to Facebook that displayed in Spanish, the message "'The winds of victory are blowing in your favor, today it is realized, today it is released, today you will receive that

---

[1] FTX is a legitimate cryptocurrency exchange. The FBI's tracing of known fraud proceeds does not show any of the funds have been stored in an FTX account.

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 6

great news, the Lord tells you.' (Believe it, you receive it.) Francier Obando."



The Reel also contained images of a supposed orphanage and orphans:



There were 150 comments to this Reel. Most of the comments had a response from user ID ApostolFrancierObandoOficial (display name Apostol Francier Obando) with the same message each time:

//

//

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 7



The English translation of the message, as set out in Facebook, was:

> Loved ❤ I don't know you personally but God Almighty knows you. God showed me a revelation when I was in your profile to see things around you. I saw blessings but spiritual attacks clinging to them, in prayers, I saw a woman in the realm of the spirit monitoring and plotting delays in your life, with an evil mirror and a motive to destroy. But as I speak to you now, her time is up. Please give up with anything you can afford to this motherless foundation (GOD'S TIME ORPHANAGE HOME FOUNDATION) in Edo state, before 2DAYS with faith, as I lift up my hands to heaven and pray for you, you will serve as point of contact wherever you are as you are, you shall receive double portion of grace to excel and total restoration of breakthrough in your life and in the life of your family. WhatsApp the MD in charge of the orphanage for your details (+234-915-013-5615) tell him I sent you. For is it not by army, nor by power, but by the Spirit, saith the Lord (Zecharariah 4:6). You shall testify to the Glory of God in your life. God bless you all.

Investigation of "God's Time Orphanage Home Foundation" online did not show any exact name matches. Investigation of the images on the Reel showed that they

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 8

were taken from other sources, such as newspaper articles and the website for a legitimate orphanage, House of Mercy, whose website contains disclaimers that people use their name and photos to commit fraud.

The account from which these responses were posted, user ID ApostolFrancierObandoOficial uses the display name Apostol Francier Obando and displays photos of Defendant. Ex. 7 (filed under seal). It also has links on the front page for Paypal and Pushpay that can be used to send money to Defendant:



### D. Violations of Pre-trial Conditions

There is clear and convincing evidence that Defendant has violated his conditions of release. First, Defendant has knowingly contacted victims and witnesses in this case in violation of his release conditions. When initially released on bond in Florida, defendant was ordered:

> ✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.; (Gov. to provide list by CoB 12/6/24)

ECF No. 11 at 9. The United States presented a list of victims on January 9, 2025. Ex. 1. That list contained the username and email of victim N.H. A month after

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 9

receiving that list, Defendant contacted N.H., stated that he was using a borrowed WhatsApp number to communicate because the FBI was monitoring him, and that he was not allowed to communicate because of a gag order. Ex. 5. Defendant then proceeded to request additional funds from N.H. under the guise that it would help release cryptocurrency held by FTX, which is not true.

Defendant also contacted O.H. just a month after O.H.'s interview report was disclosed to Defendant, stating that Defendant knew O.H. had made a claim against Defendant. Even though O.H. was not listed on the victim list previously provided by the United States (before the United States had identified O.H. as a victim), Defendant contacted O.H. and attempted to intimidate and harass an individual he knew was a witness and a victim in the case based upon an interview report produced in discovery.[2]

Second, the Defendant also violated his conditions of release by soliciting funds. This Court ordered that "Defendant shall not solicit funds for investment by any means, including through the internet." ECF No. 22 at 5. Defendant violated this condition when he solicited funds from victim N.H. for supposed attorneys' fees to be used to release cryptocurrency for the benefit of "the community." This related to the initial "investment" of cryptocurrency into Solano Fi and fraudulent representations of attempts to recover those funds from FTX. In reality, this was just further false statements made by Defendant to his victim to further defraud her.

Defendant also knowingly solicited funds on Facebook for investment in an orphanage. Defendant told individuals to give up "anything you can afford" and that

---

[2] Should the Court not revoke Defendant's release, the United States requests that the Defendant be forbidden from contacting anyone he knows is a victim or witness. The United States can provide updated lists of victims and witnesses periodically, but given the anonymous nature of cryptocurrency transactions, it is a time and resource intensive endeavor to identify additional victims in this matter. Defendant knows who his victims are better than the United States and should not be allowed to contact those who the United States have not yet identified.

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 10

they would receive "double portion of grace to excel and total restoration of breakthrough in your life and in the life of your family." Ex. 6 at 12.

### E. Commission of a Federal Crime While on Release

There is probable cause to believe that Defendant has committed federal crimes while on release. "While Section 3148 does not define 'probable cause,' district and circuit courts have concluded that [p]robable cause under section 3148(b)(1)(A) requires only that the facts available to the judicial officer warrant a [person] of reasonable caution in the belief that the defendant has committed a crime while on bail." *United States v. Slade*, 2013 WL 2455926 at *6 (D. Ariz. June 5, 2013) (internal quotation marks and citation omitted).

First, Defendant's solicited funds for a fraudulent orphanage through Facebook and WhatsApp constitute, *inter alia*, Wire Fraud in violation of 18 U.S.C. § 1343. Defendant devised a scheme or artifice to obtain money from individuals by means of false or fraudulent pretenses, representations, or promises, and used interstate wires, the internet, to execute the scheme. The United States is investigating this conduct for potential additional charges.

Furthermore, there is probable cause to believe that Defendant's statements to O.H. constitute witness tampering in violation of 18 U.S.C. § 1512(b). By telling O.H. "a little bird" told Defendant that O.H. had made a claim against him and that other people were getting calls from the FBI but "not many are jumping on the boat" that O.H. was on, Defendant was attempting to intimidate, threaten, or corruptly persuade O.H. with the intent to influence, delay, or prevent O.H.'s testimony or to prevent O.H. from further communication with law enforcement.

### F. Detention Pending Trial is Necessary and Appropriate

Based upon Defendant's blatant disregard of his pretrial release conditions to contact known victims and witnesses to both intimidate them and to request additional funds from them, as well as his use of Facebook to fraudulently solicit funds for a fake orphanage, the Court should find both (1) that there are no conditions

MOTION FOR REVOCATION OF PRE-TRIAL RELEASE - 11

or combination of conditions of release that will assure Defendant's appearance at subsequent hearings or the safety of the community and (2) that Defendant is unlikely to abide by an condition or combination of conditions of release. Because there is probable cause to believe that Defendant has committed a Federal crime while on release, there is a rebuttable presumption that no condition or combination of conditions will assure Defendant does not pose a danger to the community.

Defendant knowingly violated what he termed to be a "gag order" when he contacted N.H. Defendant even did so using a WhatsApp number he "borrowed" to evade any monitoring of his calls. Defendant has demonstrated he will take extraordinary steps to knowingly violate the Court's orders and use deceptive methods to do so without detection. The Court cannot entrust Defendant with release knowing that he can and will engage in such attempts to continue to contact victims and witnesses in this matter and to prevent the Court from learning of those attempts.

Defendant has also demonstrated that he will continue to defraud individuals even while on pre-trial release. Defendant attempted to solicit funds from N.H. on false and fraudulent pretenses the money would help release cryptocurrency for the good of the "community" of Solano Fi investors. Defendant also fraudulently solicited funds on Facebook for a fake orphanage. Defendant has demonstrated that there are no conditions the Court can impose that will protect the community from his predatory nature. In considering detention matters, the Ninth Circuit has recognized that "danger may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992); *see also United States v. Patterson*, 2020 WL 6200164 at *10 (E.D. Cal. Oct. 22, 2020) ("While economic crimes will not ordinarily trigger the danger to the community analysis in initial detention hearings, 'in post-initial detention proceedings, the Ninth Circuit has unequivocally ruled that economic harm may be considered as a justification for detaining someone as a danger to the community.'" (quoting *United States v. Gill*, 2008 WL 2120069 (E.D. Cal. May 20, 2008)); *United States v. Slade*,

2013 WL 2455926 at *6 (D. Ariz. June 5, 2013) ("Courts have long recognized that 'danger' in the context of § 3148 refers to unlawful conduct, with little distinction between whether the nature of the conduct is economic or physical.").

      Moreover, given Defendant's immediate and blatant violation of his pretrial conditions, connections to Columbia, potential consequences of his conviction (including deportation from the United States), and millions of dollars in fraud proceeds that remain unaccounted for, Defendant also represents a significant flight risk. There are no conditions or combination of conditions that can reasonably assure Defendant will not flee the United States to evade trial and conviction in violation of the Court's order to appear at all hearings.

      Dated this 17th day of June, 2025.

                                      Richard R. Barker
                                      Acting United States Attorney

                                      *s/ Jeremy Kelley*
                                      Jeremy J. Kelley
                                      Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

s/ *Jeremy J. Kelley*
Jeremy J. Kelley
Assistant United States Attorney